■ ALEXANDER HARTMAN, Doing Business as EAST HAVEN HEALTH RELATED FACILITY, Appellant, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Respondents.—Appeals (1) from a judgment of the Supreme Court at Special Term, entered December 6, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel revision of his Medicaid reimbursement rates and (2) from an order of the same court, entered March 19, 1979, which denied petitioner's motion to renew and reargue. The petitioner filed rate appeals from the 1976 and 1977 reimbursement rates accorded him by the respondents on the ground that the rates did not give full recognition to labor costs incurred as a result of a labor contract entered into by the facility on August 24, 1975. This appeal was denied on May 6, 1977 by letter of Carmen Asparro, Assistant Commissioner of Health. Thereafter, the petitioner met personally with Mr. Asparro. The meeting was followed by a letter to Mr. Asparro regarding the reimbursement rate with a promise to present material in support of petitioner's request for a rate increase. On September 18, the petitioner met with Daniel Rinaldi, head of the Bureau of Rate Betting and Appeals. This meeting was followed by petitioner's letter of September 19, 1977 to Rinaldi containing documentation and evidence

relating to petitioner's request to reconsider his labor costs. The letter of acknowledgement from the department, dated October 17, 1977, indicated that the material sent in the September 18 communication was referred for a management assessment review. Petitioner was urged to seek such a review by officials of the Department of Health. On January 24, 1978, petitioner again communicated with the department by letter. In referring to the September 18, 1977 meeting with Mr. Rinaldi and other members of the Bureau of Rate Setting and Appeals, the petitioner requested that the appeal channels remain open pending the finalization of the results of the management review. The management review took a protracted course. It commenced in October, 1977 and was not concluded until after the inception of this proceeding. Special Term dismissed the petition finding that petitioner failed to appeal the denial of his request for a rate review to the rate review board and that there is no pending administrative appeal which respondents can be called to act upon. The court held, also, that respondents had not acted arbitrarily or capriciously in setting 1976 and 1977 rates based on the year of 1975. A motion to review and reargue the petition based on this court's decision in *Matter of Westhampton Nursing Home v Whalen* (67 AD2d 1017) was denied as well. Petitioner argues on this appeal that his petition for article 78 relief in the nature of mandamus is timely made and requests that the court direct the respondents to act on the petitioner's rate review appeal. We note that the department's regulations extant during this period did not set out any procedures for appealing to the rate review board. This has not been remedied with the adoption of 10 NYCRR 86-2.14 (b) (1). The department's reliance on a departmental memorandum to deny petitioner's appeal to the board is misplaced. It does not carry the legal import of a statute or regulation *(People v Cull,* 10 NY2d 123; *Matter of Sturman v Ingraham,* 52 AD2d 882). The actions of the petitioner were sufficient to constitute an appeal of respondent's adverse decision. The record amply demonstrates that petitioner sought a rate revision and was appealing from the denial contained in the department's letter of May 6, 1977. Of the petitioner's many communications to the department, we note, one was directed to the chairman of the rate appeals board who curiously failed to indicate to petitioner that his petition was not in proper form, improperly directed or insufficiently documented. Petitioner was encouraged to pursue a management review when, clearly, this could not result in a revision of its rate since such a review was meant to deal with increases in staff. This petitioner rests his claim on the contention that the Commissioner of Health acted arbitrarily and capriciously in refusing to increase a reimbursement rate to reflect salary increases incurred by petitioner as a result of negotiating a union contract. Petitioner claims that respondent reimburses all health care facilities in the area for increased labor costs due to labor agreements except the petitioner. Also, the petitioner contends that what it receives for labor costs in its rate does not reflect true labor costs. If what petitioner contends can be substantiated, it may well be entitled to a rate increase in accordance with subdivision 3 of section 2807 of the Public Health Law. Judgment reversed, on the law, with costs, and petition granted to the extent that the matter is remitted to the Commissioner of Health to consider petitioner's rate appeal on the merits. Appeal from the order dismissed as moot. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.