■ HOLLISWOOD CARE CENTER, Respondent, v ROBERT P. WHALEN, as Commissioner of the New York State Department of Health, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Doran, J.), entered September 23, 1980 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment. Plaintiff is a licensed residential health care facility participating in the Medicaid program, a joint Federal-State grant-in-aid program established pursuant to subchapter 19 of the Federal Social Security Act (US Code, tit 42, § 1396 *et seq.*). Plaintiff leases its facility from Sagamore Associates, an organization in which the three owners of plaintiff each hold a 3% interest. Claiming that it was underreimbursed for its property costs by reason of the Commissioner of Health's refusal to recognize the cost to plaintiff of the lease of its facility in the computation of its Medicaid reimbursement rate, plaintiff commenced the instant declaratory judgment action in June, 1977, challenging its 1975, 1976 and 1977 reim-

bursement rates. After issue was joined, plaintiff moved for summary judgment and defendants cross-moved for the same relief. Special Term granted plaintiff's motion and ordered the Department of Health to recalculate the reimbursement rate for plaintiff recognizing the actual lease expense as a reimbursable cost. This appeal by defendants ensued. Initially, we find that the Statute of Limitations bars any challenge to the 1975 and 1976 reimbursement rates. It is now well established that the four-month limitation period applicable to article 78 proceedings applies to a declaratory judgment action to challenge reimbursement rates (*Solnick v Whalen,* 49 NY2d 224). Contrary to plaintiff's contention, this is so even though the events herein occurred prior to the *Solnick* decision (see *Press v County of Monroe,* 50 NY2d 695; *Board of Educ. v Ambach,* 49 NY2d 986, cert den 449 US 874). Accordingly, the instant action, insofar as it challenges the 1975 and 1976 rates, should have been commenced within four months of June 25, 1976, the date when plaintiff's administrative appeal concerning those rates was finally determined. We now turn to the substantive issues. The Commissioner of Health, in establishing plaintiff's Medicaid rate for 1977, declined to recognize plaintiff's lease with Sagamore Associates as the measure of plaintiff's real property costs, thereby implicitly viewing the lease as a nonarm's length transaction not representing true costs (see 10 NYCRR 86-2.26, 86-2.21). Plaintiff argues that such action was arbitrary and capricious, contending that a departmental guideline[*], in effect at the time the subject lease was entered into, must continue to be applied. This argument is meritless. The guideline which plaintiff requests that we apply is no longer in effect, having been replaced several months before plaintiff commenced operating in April, 1975. In this regard, it is well established that there is no property right in prospective Medicaid reimbursement and, accordingly, no facility is guaranteed a particular rate and all are subject to changing regulations (*Matter of White Plains Nursing Home v Whalen,* 53 AD2d 926, 927, affd 42 NY2d 838, cert den 434 US 1066). Nor does plaintiff's provider agreement establish rights to reimbursement under any specific rate or regulation (*Matter of Kaye v Whalen,* 44 NY2d 754, app dsmd 439 US 922). Moreover, since the rule relied upon by plaintiff does not have the force and effect of statutes or regulations (*Hartman v Whalen,* 75 AD2d 963, 964), plaintiff should not be entitled to rely upon it as a guarantee of its reimbursement rate. Special Term's order must be reversed and defendants' cross motion for summary judgment granted. Judgment reversed, on the law, without costs, plaintiff's motion for summary judgment denied, defendants' cross motion for summary judgment granted, and complaint dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* This guideline (written on Department of Health HE-2P reporting forms until Oct., 1974) defined a non-arm's length lease as: "An arrangement in which the operator(s) of the facility has an interest of more than 10 percent in the equity of a company providing real property, goods, or services to the facility". Since plaintiff's owners hold only a 9% interest in Sagamore Associates, they contend the instant lease was arm's length and thereby entitled plaintiff to reimbursement for the actual rental cost pursuant to regulations in effect prior to March 10, 1975.