■ In the Matter of SEAGIRT HEALTH RELATED FACILITY, Appellant, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered November 5, 1980 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, seeking a judgment directing respondent to compute petitioner's Medicaid reimbursement rate for the calendar year 1979 by including the actual costs of pharmacy services rendered to residents of petitioner's health care facility in the determination of the pharmacy component of the subject rate. Petitioner Seagirt Health Related Facility operates a 200-bed residential health care facility, and its Medicaid reimbursement rate for various capital and operating costs is determined by respondent pursuant to section 2807 of the Public Health Law. As of January 1, 1979, a necessary component of this reimbursement rate was an amount to reimburse petitioner for its pharmaceutical expenses, and for the year 1979 petitioner was informed that, based upon costs at allegedly comparable institutions in similar localities, it would be reimbursed for pharmaceutical expenses at an average per patient per diem rate of 61 cents. Petitioner subsequently became dissatisfied with this rate because it allegedly resulted in reimbursement in an amount which was considerably less than petitioner's actual costs for pharmaceutical expenses for 1979. As a consequence, on October 31, 1979, petitioner requested that an adjustment be made in its reimbursement rate for 1979 based upon a certified cost statement reflecting its actual costs for prescription drugs for the period from January 1, 1979 through June 30, 1979. By letter of December 4, 1979, this request was denied by the Director of the Bureau of Residential Health Care Facility Reimbursement of the State Department of Health. The instant article 78 proceeding ensued wherein petitioner seeks a judgment directing respondent to compute its Medicaid reimbursement rate for 1979 by including the actual costs of pharmacy services rendered to residents of petitioner's facility in the determination of the pharmacy component of the subject rate. Special Term concluded, however, that petitioner had failed to make a compelling showing that respondent's action in establishing the rate in question was unreasonable, and, accordingly, a judgment was entered upholding the determination of respondent. Petitioner now appeals. Although we would affirm the denial of relief in this matter, we do so upon the ground that petitioner should have exhausted its available administrative remedies before instituting the present proceeding. Pursuant to 10 NYCRR 86-2.14 (b), petitioner could have requested a hearing before a rate review officer on the propriety of the denial of its request

for an adjustment in its 1979 reimbursement rate. Instead, petitioner commenced this proceeding without resort to any further administrative review of its case. Significantly, petitioner has also failed to show that further administrative review would have been futile, and contrary to the assertion in petitioner's brief, there is no statement by respondent in the record to the effect that the issue now raised by petitioner could not be the subject of an administrative appeal. Moreover, there are clearly presented in this controversy issues of fact, such as the reasonableness of the rate adopted by respondent, which might well have been resolved at an administrative hearing. Indeed, petitioner's own brief on this appeal raises a material factual issue, i.e., whether the group of institutions upon which petitioner's reimbursement rate for pharmaceutical expenses was based was likely to produce costs similar to those of petitioner. Given these circumstances, petitioner has plainly not demonstrated that it should be relieved of its responsibility to exhaust available administrative remedies before bringing an article 78 proceeding (cf. *Matter of Koupash v Bahou,* 85 AD2d 795, app dsmd 55 NY2d 1036). Judgment affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.