■ ARNOT-OGDEN MEMORIAL HOSPITAL, Respondent, v BLUE CROSS OF CENTRAL NEW YORK, INC., Appellant, and DAVID M. AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. (And Another Related Action.) — Appeal from two orders of the Supreme Court at Special Term (Swartwood, J.), entered April 12, 1982 in Chemung County, which denied motions to convert the matters to a special proceeding pursuant to CPLR article 78, and to require plaintiff to plead a more definite statement.* The issue presented on this appeal is whether plaintiff, a hospital, has breach of contract causes of action against defendant Blue Cross of Central New York, Inc. (Blue Cross), based upon allegations that the reimbursement rates established by Blue Cross for the years 1975 and 1976 were incorrectly computed. We hold that under the circumstances presented here plaintiff has no such cause of action. Blue Cross provides coverage for hospital services rendered to its insureds. The form of the insurance contract and the premiums charged by Blue Cross require approval of the Superintendent of Insurance. Blue Cross also enters into operating contracts with the subscribing hospitals whereby Blue Cross agrees to compensate the hospital directly for services provided to its insureds. The compensation provided by Blue Cross, which the hospital accepts as payment in full for the services rendered, is calculated in accordance with the applicable hospital reimbursement formula. Prior to January 1, 1970, the reimbursement formula was purely a contractual matter negotiated by Blue Cross and the subscribing hospital. Thereafter, reimbursement by Blue Cross to its subscribing hospitals has been regulated by the Cost Control Law (L 1969, ch 957), contained in section 2807 of the Public Health Law. Pursuant to that statute, the Commissioner of Health is required to determine and certify that the proposed reimbursement rate schedules are reasonably related to the costs of efficient production of the services for which reimbursement is

* The portions of these orders which are not appealable as of right are on appeal by permission of this court granted June 23, 1981 (CPLR 5701, subd [c]).

sought (Public Health Law, § 2807, subd 3). To implement the Cost Control Law the commissioner promulgated rules and regulations (10 NYCRR Part 86), which specify in detail the framework for determining hospital reimbursement rates (10 NYCRR 86-1.2 [a]). Blue Cross is required to submit to the commissioner proposed hospital reimbursement formulae that are not inconsistent with the regulations (10 NYCRR 86-1.2 [b]). If the commissioner finds that the proposed formula is reasonably related to the costs of efficient production of services, he certifies the formula, and Blue Cross then computes the rates for the hospitals it has contracts with by applying the approved formula to the relevant data for each hospital. These rates are then submitted to the commissioner for his certification, and if he certifies them, they are submitted to the Superintendent of Insurance for approval. Blue Cross then notifies each hospital of its approved rate. The rules and regulations provide for appeals to the commissioner by an individual hospital which seeks to challenge the approved rates (10 NYCRR 86-1.17). Here, plaintiff hospital, dissatisfied with the manner in which the approved formula was applied to the relevant data in order to calculate the reimbursement rate, pursued its available remedies with the Commissioner of Health. The commissioner rejected plaintiff's appeal and plaintiff commenced these actions, seeking article 78 relief against the Commissioner of Health and asserting breach of contract causes of action against Blue Cross. We find plaintiff's allegations insufficient to state a breach of contract cause of action. Although Blue Cross initially proposes the formula and resulting rates, the rates have no validity until they are certified by the Commissioner of Health and approved by the Superintendent of Insurance (Public Health Law, § 2807, subd 3). It is conceded that Blue Cross reimbursed plaintiff at the certified and approved rate, which is what it was required to do under both the contract and the Cost Control Law. The operating contract contains a provision authorizing plaintiff to request that Blue Cross revise its rate on the basis that the rate was not calculated in accordance with the approved reimbursement formula. If Blue Cross grants the request, the proposed revised rate must, of course, be submitted to the Commissioner of Health for certification. Plaintiff does not allege that it attempted to pursue this remedy and that Blue Cross failed to act on its request, which distinguishes this case from *Bassett Hosp. v Hospital Plan* (89 AD2d 240), upon which plaintiff relies. Rather, plaintiff appealed directly to the commissioner. Finally, plaintiff contends that a breach of contract action against Blue Cross is necessary so that, in the event it succeeds on the merits with respect to the article 78 relief sought against the commissioner, it will have a remedy to ensure payment by Blue Cross at the revised rate. However, since Blue Cross will remain as a party to the article 78 proceeding, any remedy required to ensure payment can be fashioned by the court as part of the article 78 relief. Orders modified, on the law, by reversing so much thereof as denied defendants' motions to require that the plaintiff's actions be prosecuted in their entirety as special proceedings, and said motions granted, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.