■ In the Matter of ST. JOSEPH'S HOSPITAL, Respondent, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered October 7, 1982 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to revise petitioner's

1978 Medicaid reimbursement rate. The underlying dispute in this proceeding involves the 1978 Medicaid reimbursement rate for petitioner whose patient stays exceed the average length because of special services rendered, thereby resulting in costs exceeding the Department of Health reimbursement rate ceilings. Dissatisfied with the November 4, 1977 rate determination of the Office of Health Systems Management (OHSM), petitioner appealed on February 2, 1978 and reappealed on April 24, 1979, simultaneously filing an initial appeal of the tentative 1979 rate. It further appears that by a written stipulation of settlement made in September, 1979, a class action, brought in Supreme Court, Queens County, by a group of New York State hospitals (which included petitioner as a class member) seeking revision of per diem Medicaid reimbursement rates for the years 1976 through 1979, was settled. The settlement agreement, reduced to judgment, precluded class plaintiffs, who declined the privilege of "opting out", from any future or other court action relating to Medicaid reimbursement rates for the years 1976 through 1979. Shortly thereafter on October 15, 1979, OHSM notified petitioner of its tentative rate revisions for the four-year period, and that its pending appeal for the year 1978 was considered to be untimely. When petitioner resubmitted its appeal for 1978 on November 28, OHSM responded by advising petitioner to await final rate determination pursuant to the settlement agreement and to then reappeal. On March 17, 1980, after notice by telephonic communication from OHSM of the final rate determination made February 22, 1980, petitioner again resubmitted its appeal and requested a hearing. A stipulation of agreed facts was executed February 13, 1981 followed by a February 23, 1981 letter from the OHSM rate review officer stating that in the absence of factual issues, petitioner did not qualify for a hearing. After this CPLR article 78 proceeding was commenced May 20, 1981, respondents' motion to dismiss on the grounds of failure to timely commence the proceeding and to exhaust administrative remedies and estoppel by virtue of the settlement agreement, was denied (*Matter of St. Joseph's Hosp. v Axelrod,* Supreme Ct, Albany County, Oct. 5, 1981, Prior, Jr., J.). No appeal was taken from that order. Following service of the answer, petitioner's CPLR 3212 motion for summary judgment was granted on the grounds that the prior judgment resolved the legal issues and that no factual issues existed. This appeal ensued. Respondents have raised two issues. First, was petitioner's request for relief from the ceiling provisions of 10 NYCRR 86-1.14 (b) timely, and second, was petitioner outside the scope of the settlement agreement, and, therefore, not subject to the litigation bar contained therein. The parties have stipulated that petitioner's appeal was made pursuant to 10 NYCRR 86-1.17 (a) (7). Section 86-1.17 is entitled "Revisions in certified rates" and the only reference to any limitation of time for reviewing requests appears in paragraph (a) (2) which provides that "errors made in the rate computation process or in the submission by a medical facility" must have been brought to the attention of the commissioner within the time limits specified in 10 NYCRR 86-1.16. That section entitled "Adjustments to provisional rates based on errors", provides that errors resulting from submission of information by a medical facility may be corrected if brought to the attention of the commissioner within 60 days of receipt of the rate computation sheet and errors on the part of the commissioner resulting from the rate computation process may be corrected if brought to his attention within four months after receipt of the rate computation sheet. Special Term characterized petitioner's February 2, 1978 letter as a request for relief rather than for adjustment of errors, and held that no limitation of time applicable to such relief was included in the regulations. Examination of petitioner's February 2, 1978 letter shows that it was made pursuant to 10 NYCRR 86-1.16, and

requested adjustments in the 1978 rate calculations due to errors. The letter set forth a schedule of specific errors which itemized the changes sought, all of which related to requests for relief from the ceiling provisions of 86-1.14 (b) and are set forth in detail in 86-1.17 (a) (7). Therefore, while requesting adjustment due to errors in rate calculations, the letter clearly requests relief from the ceiling provisions imposed under 86-1.14 (b). A contrary holding would exalt form over substance. Moreover, respondents, by executing the stipulation of facts, cannot disavow that the appeal was made pursuant to 86-1.17 (a) (7) for relief from the ceiling provisions of 86-1.14 (b). It is obvious that petitioner's February 2, 1978 letter was not a challenge based upon technical shortcomings or mathematical errors; rather, as Special Term correctly held, it set forth respondents' failure to take adequate account of its more extensive range of services entitling relief from the ceiling provisions of 86-1.14 (b). As stated before, no limitation of time within which to commence an appeal from a determination based on these challenges is contained in the regulations. Respondents next contend that the settlement agreement created a new time limitation on petitioner's appeal by provisions which supersede the Health Department regulations and create a 120-day time limitation for appeals based both upon errors and requests for relief. We disagree. Paragraph 3E of the agreement specifically excludes from the binding effect of the settlement any adjustments or revisions resulting from appeals filed before July 1, 1979 currently pending before a hearing officer. This provision merely incorporates the time limitations in the regulations which we have hereinbefore held are inapplicable to this case. Finally, we reject respondents' contention that the settlement agreement bars this proceeding. Paragraph 3E provides that the binding effect of republished rates (to be made subsequent to the execution of the agreement) shall not preclude rate adjustments resulting from appeals filed subsequent to July 1, 1979, or resulting from appeals filed before that date and still pending. Further, paragraph 13 (C), containing the option of any class member hospital to be excluded from the agreement, contains provisions preserving the right of any class member who does not "opt out" to seek judicial review if its final rate is more than 10% below the tentative evaluation previously made by respondents, or, if, upon any pending appeal, the final rate is more than 10% below the rate certified by the Commissioner of Health. Judicial review of only the application of the reimbursement methodology, not the methodology itself, was permitted. We find two bases upon which to reject respondents' contentions. First, we have already held petitioner's appeal to have been timely, thus exempt from the preclusion against judicial review in the referenced paragraphs of the settlement agreement. The agreement is silent upon the right of any hospital to seek review on the issue of timeliness of filing of an appeal. Accordingly, it must be construed as not barring judicial resolution of such issue. Secondly, respondents totally denied relief upon petitioner's appeal for 1978 on the sole ground of untimeliness, while granting relief for the years 1976, 1977 and 1979. This determination obviously resulted in a final rate more than 10% below what the tentative evaluation should have been based upon the final rates set for 1976, 1977 and 1979. Paragraph 13 (C) specifically preserves the right of such a hospital to pursue judicial review. For the reasons stated, the judgment should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.