OPINION OF THE COURT
Frederick B. Bryant, J.
By this motion the petitioner seeks an order directing that the deposition of the respondent, Blue Cross of Central New York (Blue Cross), be taken on oral examination of its officers and employees and that said respondent produce at said examination all documents and writings relating to the issues raised by the pleadings in the action. Since this is a special proceeding the application for discovery is made pursuant to CPLR 408.
In order to consider these motions in proper perspective it is important to analyze the present status of the pleadings. The actions as commenced consisted of two proceedings united in one. First was an action against Blue Cross *640 based on an alleged breach of a contract to make reimbursement to the petitioner for hospital services rendered to Blue Cross subscribers. Second was a proceeding pursuant to CPLR article 78 against the New York State Commissioner of Health (Commissioner) and the New York State Superintendent of Insurance (Superintendent) in which the petitioner contends that the Commissioner and the Superintendent improperly fixed the rates on which the Blue Cross payments to the hospital were based. The respondents moved to convert the action into a special proceeding. A denial of the motion at Special Term was reversed by the Appellate Division (92 AD2d 629).
A dispassionate reading of the Appellate Division decision discloses that it was not based on any argument concerning burden of proof or right to a jury trial but on a rational consideration of the relief sought by the petitioner. As pointed out in the decision, Blue Cross has properly paid to the petitioner all reimbursement allowed pursuant to the rates fixed by the Commissioner and approved by the Superintendent. Presumably, after an article 78 review of the Commissioner’s determination, if it is found that the rates established are erroneous and result in a shortfall to the petitioner, Blue Cross will be calledu upon to make up such deficiency. As the court pointed out, such relief may be given as a part of the trial court’s determination of the article 78 proceeding inasmuch as Blue Cross remains a party respondent. There is nothing absurd or unusual with this holding of the Appellate Division as counsel for the petitioner argues. The basic issue in these proceedings is the propriety of the reimbursement rates established by the Commissioner and approved by the Superintendent pursuant to law. The question as to the petitioner’s entitlement to pretrial discovery must therefore be determined on the basis of what issues of fact or law are before the court.
At the outset the respondents argue that this motion is made at the wrong time pursuant to the provisions of CPLR 406 which provides that motions in a special proceeding shall be made at the time the petition is noticed to be heard. The petitioner argues that this petition was noticed to be heard at the time the respondent moved to *641 convert the entire action into one special proceeding. This court disagrees with the petitioner’s argument.
Although there does not appear to be any case law construing CPLR 406, the entire concept of a special proceeding for review under article 78 dictates that a motion for discovery under CPLR 408 be made at the time that such proceeding comes before the court for a decision on its merits. Normally, a proceeding under article 78 raises a question of law only. This is especially true when the claim is made that the decision subject to review is arbitrary, capricious and in violation of lawful procedure. It is at that time that the court in considering the issues raised by the parties must determine whether further development of the facts are called for. In such case a hearing might prove necessary and pretrial discovery could be allowed upon proper showing of special circumstances.
This interpretation of CPLR 406 is demonstrated in the present situation. The merits of the article 78 proceeding are not now (and never have been) before the court. The present motions are simply motions to permit pretrial discovery. And yet in determining the motion it has been necessary for the court to examine each question for review raised by the petitioner, determine the alleged basis for the petitioner’s complaint, the answers of the respondents and the basis of the decision complained of in determining whether there are any factual issues requiring a trial which would warrant a grant of a pretrial discovery. It is because of problems such as this that CPLR 406 prescribes that motions in a special proceeding be noticed at the time the petition is noticed to be heard. Further, as the respondents argue, the expeditious nature of this type of special proceeding dictates that procedural motions be made at the same time the court is called on to determine the issues raised in the proceeding on the merits. For the foregoing reason the court holds that the motion for pretrial discovery is premature. However, the court does not dispose of this motion on the basis of its prematurity since the motion must be denied on the merits.
In this court’s opinion counsel for the petitioner completely misunderstands the nature of the proceedings presently before the court and seeks pretrial discovery of facts *642 that are either not in dispute or are irrelevant to the issues raised.
The rates which Blue Cross pays to hospitals for care of Blue Cross subscribers are regulated by statute and administrative rules. Section 2807 of the Public Health Law requires that the Commissioner of Health establish the rate of Blue Cross reimbursements to hospitals. That statute requires that the rates established be reasonably related to costs of efficient production of hospital services. Once the Commissioner establishes the reimbursement rate it must also be approved by the Superintendent of Insurance. (Public Health Law, § 2807, subd 2, par [a]; Insurance Law, § 254, subd 2.)
For purposes of implementation of section 2807 of the Public Health Law, the Commissioner has established a detailed set of rules for the establishment of reimbursement rates. (10 NYCRR part 86.) These regulations provide for the establishment of reimbursement rates on a prospective basis. The audited income and expenses of the hospital for a base year are calculated, a trend factor based on certain economic factors is added and the final rate for the year in question is based on the result. The rules prescribe which items of cost and income are to be included, how costs are computed and what is to be considered in reaching the trend factor. These calculations are prepared by Blue Cross based on audited financial reports submitted by the hospital. Blue Cross calculates the proposed reimbursement formula and submits it to the Commissioner for his approval. The ultimate determination of the reimbursement rates must be approved by the Commissioner and such rates are then submitted to the Superintendent of Insurance for approval. 10 NYCRR 86-1.17 provides for appellate procedures and there are also procedures available for seeking timely revision of rates once established.
In each of the cases before the court the petitioner previously sought review of the reimbursement rates established in accordance with the appeal procedures provided for. This article 78 proceeding ensued upon the disallowance of such administrative appeal.
It is important to note that an examination of the petition for review in each case discloses that it refers specifi *643 cally to particular items of controversy. The petitioner does not claim that the regulations established by the Commissioner as contained in 10 NYCRR part 86 are arbitrary, capricious or contrary to law. Apparently the petitioner’s complaint relates to the interpretation of these regulations and their application in fixing the reimbursement formulas for 1975 and 1976. As to each item of complaint — of which there are a total of 19 in the two actions — the Commissioner, on appeal has made a specific ruling. In the answer and return to the article 78 proceeding, attached as an appendix to the opposing affidavits on this motion, the respondents have explained in great detail the basis for the Commissioner’s ruling with references to the applicable portions of 10 NYCRR part 86. The question that will be presented for the court’s decision when these proceedings are ultimately noticed to be heard will concern the legal correctness of such administrative decision. So far as this court can determine from a study of the petition, answer, affidavit in support of the answer and determination of the Commissioner on appeal there are no disputed questions of fact relevant to this proceeding.
The petitioner has attempted to create triable issues of fact both by his petition and also by elevating routine denials of the respondents into denials of facts actually conceded. For example, although the respondents in their answer deny the allegations of the petition that in fixing the 1975 rate, Blue Cross allocated $17,143 of the cost of the admissions’ department to ancillary services, the respondents actually concede these allegations and justify such allocation pursuant to the regulations. In other words, although the answers are rather carelessly prepared, the respondents are actually not denying that the rate-fixing formula was made up based on certain exclusions and inclusions of cost and income but rather that such exclusions and inclusions did not constitute error. In determining the issues before the court a formal answer must be read together with the respondents’ affidavit in support of such answer which is a part of the return.
The court finds no factual issues relating to the accuracy of figures used by Blue Cross and the Health Department in fixing rates. It finds no factual issues relating to the *644 trend factors by which the costs of 1973 and 1974 were trended forward to 1975 and 1976. Any issues relating to changes in the conditions under which the hospital was operated which occurred between the cost-finding year and the year involved and the effect of such changes in the fixing of the reimbursement rate are not a question of fact but of law. And the petitioner’s allegations as to each item of its petition that the respondents did not act “in accordance with standard accounting practices” are irrelevant. The question is — did the respondents follow the rules set forth in 10 NYCRR part 86 in fixing the reimbursement rates? This is a question of law.
The grant of an order for pretrial discovery in a special proceeding lies within the discretion of the court. The cases cited by each of the parties illustrate the situations in which such discretion is exercised for or against such discovery. It is this court’s opinion that pretrial discovery is not called for in the instant proceedings. The motions are denied.