Sᴜɴʀᴇsᴛ Nᴜʀsɪɴɢ Hᴏᴍᴇ, Iɴᴄ., Appellant, v Rᴏʙᴇʀᴛ P. Wʜᴀʟᴇɴ, as Commissioner of Health of the State of New York, et al., Respondents.

Third Department, February 23, 1984

APPEARANCES OF COUNSEL

*Fink, Weinberger, Fredman, Berman & Lowell, P.C.* (*Jerome T. Levy* and *Stanley H. Lowell* of counsel), for appellant.

*Robert Abrams, Attorney-General* (*Alan W. Rubenstein* and *William J. Kogan* of counsel), for respondents.

OPINION OF THE COURT

Cᴀsᴇʏ, J.

Special Term properly dismissed the complaint, although we reach this conclusion for reasons which differ, in part, from those relied upon by Special Term.

Plaintiff was the operator of a 100-bed skilled nursing home facility for some years prior to 1973, when it sought and received Department of Health approval to operate a

100-bed health-related facility adjacent to its existing facility. The new facility was opened in two stages, with the department approving occupancy of the first 34 beds on February 7, 1975 and the remaining 66 beds on March 20, 1975. For many of its patients, plaintiff received reimbursement under the Medicaid program at rates established by defendant Commissioner of Health. Medicaid rates ordinarily were set prospectively on a cost-related basis, using annual cost reports filed by the facility. For new facilities, such as plaintiff's, with no operational history and, therefore, no cost reports, the rates initially were based upon a group average, using the cost experience of similar facilities in the same area. Once a facility reached an average occupancy of 90%, a cost-based rate would be established in place of the group average rate. Plaintiff reached the 90% occupancy rate on or about November 1, 1975 and filed its cost report in July, 1976. On October 31, 1976, defendant commissioner set plaintiff's cost-based rate at $30.90 per day, effective July 1, 1976. Plaintiff commenced this declaratory judgment action on July 7, 1977 and Special Term dismissed the complaint as untimely pursuant to the four-month Statute of Limitations in CPLR 217.

In four causes of action, plaintiff asserts three related claims. First, it alleges error in the refusal to permit it to amortize "start up" costs attributable to beds in plaintiff's facility which were unopened from February 7, 1975 to March 20, 1975. Next, plaintiff asserts that "stand by" costs incurred between March 20, 1975 and October 31, 1975 should have been included in its reimbursement rate. Last, plaintiff contends that defendants erred in failing to reimburse plaintiff for its reasonable costs incurred from November 1, 1975 through June 30, 1976.

■ The four-month limitations period applicable to CPLR article 78 proceedings applies to a facility's declaratory judgment action challenging its Medicaid reimbursement rate fixed by the Commissioner of Health (*Solnick v Whalen,* 49 NY2d 224), even though the events under review occurred prior to the *Solnick* decision (*Holliswood Care Center v Whalen,* 86 AD2d 904, 905, mod 58 NY2d 1001). We agree with plaintiff that the four-month period

begins to run when the determination under review becomes final and binding (CPLR 7801, subd 1). "For a determination to be final * * * it must be clear that the [party] seeking review has been aggrieved by it" (*Matter of Martin v Ronan,* 44 NY2d 374, 380).

By letter dated February 25, 1976, plaintiff requested an upward revision in its reimbursement rate based upon alleged losses for 1975 and January, 1976 in excess of $100,000 and a projected budget for 1976 of in excess of $1,000,000. Assistant Commissioner William McCann responded in a letter dated March 23, 1976, noting that plaintiff's facility was being reimbursed on a group average basis, and that the cost basis could not be used until plaintiff reported actual cost expense for six months at 90% occupancy. Thereafter, in June, 1976, plaintiff's counsel requested that plaintiff's rate be revised to reflect actual costs and that the revised rate be made effective May 1, 1976. By letter dated June 21, 1976, plaintiff again was advised that a cost-based rate could not be fixed until plaintiff had filed the necessary six-month cost report based on 90% occupancy. The letter concluded by stating, "No further action can be taken until said request is received." Plaintiff filed its cost report for the period November 1, 1975 through April 30, 1976 in July, 1976, and its cost-based rate was issued October 31, 1976, effective July 1, 1976. Plaintiff took no further action until it commenced the instant declaratory judgment action on July 7, 1977.

Insofar as plaintiff's claims can be construed as a challenge to the group average based rate effective through June 30, 1976, we agree with Special Term that this action is time barred. The letters of March 23, 1976 and June 21, 1976 clearly indicate that no revision would be made in the group average rate and that plaintiff's only remedy was to file its cost report for six months of 90% occupancy and obtain a cost-based rate. In its brief, plaintiff concedes that McCann's letter of March 23, 1976 indicated that an appeal to a certified rate based on a group average would not be processed. Accordingly, construing plaintiff's letter of February 25, 1976 as an appeal of its group average based rate encompassing plaintiff's first

and second claims herein,* we conclude that plaintiff was clearly aggrieved no later than June, 1976, when it knew or should have known that no such appeal would be processed, and, therefore, the four-month period had run.

Insofar as plaintiff's claims can be construed as challenging its cost-based reimbursement rate and/or the effective date of such rate, we also find that dismissal of the complaint was proper, but not because of the Statute of Limitations. As noted above, the cost-based rate, determined on the basis of plaintiff's six-month cost report submitted in July, 1976, was issued October 31, 1976. Plaintiff concedes that a two-step appeal process to the commissioner and the rate review board was available. Nevertheless, plaintiff made no effort to challenge the cost-based rate after it was determined by the commissioner on October 31, 1976. Rather, it waited some eight months and then commenced this action. In these circumstances, we conclude that plaintiff failed to exhaust available administrative remedies, a bar to plaintiff's application for judicial review of the determination (see *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57), which defendants asserted as an affirmative defense in their answer. That plaintiff sought judicial review via a declaratory judgment action does not require a contrary result, for irrespective of whether a facility labels its proceeding as one pursuant to CPLR article 78 or a declaratory judgment action, its challenge to a determination of the Commissioner of Health fixing its reimbursement rate is governed procedurally by the rules applicable to article 78 proceedings (see *Solnick v Whalen, supra*).

Plaintiff seeks to avoid dismissal by claiming that its letter of February 25, 1976 constituted an appeal which was never finally determined by defendants. On its face, however, the letter merely requests a revised reimbursement rate based on plaintiff's costs, a request which defendants complied with after plaintiff submitted the required cost report. Even under the most liberal construction, the letter cannot be viewed as both a request for a cost-based rate and an appeal from that rate whenever it is determined.

---

* Plaintiff's letter refers only to actual losses and projected budget. It makes no mention of "start up" costs or "stand by" costs, referred to in its first and second claims.

In conclusion, judicial review of plaintiff's group average rate is time barred because more than four months have elapsed since plaintiff knew or should have known that defendants had refused to consider plaintiff's challenge to that rate, and judicial review of plaintiff's cost-based rate is barred by plaintiff's failure to pursue an available administrative appeal from the determination fixing that rate. Since these conclusions encompass all of plaintiff's claims asserted in its four causes of action, Special Term's judgment dismissing the complaint must be affirmed.

The order should be affirmed, without costs.

MAHONEY, P. J., MIKOLL, LEVINE and HARVEY, JJ., concur.

Order affirmed, without costs.