■ In the Matter of SAINT MARY'S HOSPITAL OF TROY, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. (And Another Related Proceeding.) — Casey, J. P. Appeals (1) from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered September 1, 1983 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies, (2) from an order of said court, entered February 8, 1984 in Albany County, which denied petitioner's motion for leave to renew or reargue said motion, and (3) from a judgment of said court (Cholakis, J.), entered September 14, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition on the ground of res judicata.

In each of these proceedings, petitioner challenges the basic methodology used by respondent Blue Cross of Northeastern New York, Inc. (Blue Cross) in calculating the length-of-stay penalty portion of the prospective 1981 reimbursement rates at which Blue Cross would pay petitioner for services rendered to patients covered by Blue Cross. Since the proceedings must be dismissed for procedural deficiencies, Special Term's judgments should be affirmed.

After Blue Cross notified petitioner that its 1981 reimbursement rates had been certified by the Office of Health Systems Management, acting on behalf of the Commissioner of Health, and approved by the Superintendent of Insurance,[*] petitioner appealed the length-of-stay penalty portion of both its Medicaid reimbursement rates and its Blue Cross reimbursement rates by filing a letter, dated January 9, 1981, with the Office of Health Systems Management. The letter asserted two grounds for petitioner's appeal: that due to a lack of skilled nursing facility beds in the area, petitioner was unable to move patients to other facilities on a timely basis; and that "some of the discharge diagnoses were placed in the wrong cells". The appeal was apparently successful to some degree, for on October 20, 1982, Blue Cross notified petitioner of its revised rates adjusted to reflect a decrease in the length-of-stay penalty.

By letter dated November 1, 1982, addressed to Blue Cross as an appeal, petitioner raised for the first time its objection to the basic method employed in calculating the length-of-stay penalty. Petitioner asserted that use of an average routine cost per

---

[*] For a description of the mechanics of the system for setting the rates at which a Blue Cross plan reimburses subscribing hospitals, *see, Arnot-Ogden Mem. Hosp. v Blue Cross* (92 AD2d 629).

patient day in calculating the penalty contravened the regulations prescribing the components of the formula. Blue Cross promptly denied the appeal and so notified petitioner by letter dated November 23, 1982. Petitioner commenced the first of these CPLR article 78 proceedings on March 21, 1983. Special Term dismissed the proceeding by judgment entered September 1, 1983. Petitioner moved to reargue or renew and the motion was denied by order entered February 8, 1984. In the meantime, on October 7, 1983, petitioner appealed to the Commissioner of Health, challenging the method of calculating the length-of-stay penalty. The appeal was denied as untimely on October 25, 1983, and petitioner commenced the second of these CPLR article 78 proceedings on February 22, 1984. Special Term dismissed the second proceeding on the basis of res judicata.

If a common denominator exists in the above-described series of events, it can be found in petitioner's failure to obtain prompt administrative review on the basis of the objection which it now seeks to assert. The dispositive issue on this appeal is whether that failure precludes petitioner from seeking judicial review. We hold that it does.

"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57). This doctrine can be viewed as a corollary of the statutory requirement of finality (CPLR 7801), and it furthers "salutory goals" (*Watergate II Apts. v Buffalo Sewer Auth., supra,* p 57). Petitioner argues that "[e]xactly what administrative remedy petitioner failed to pursue is not clear from the record". As we explained in *Arnot-Ogden Mem. Hosp. v Blue Cross* (92 AD2d 629, 630), "[t]he rules and regulations provide for appeals to the commissioner by an individual hospital which seeks to challenge the approved rates (10 NYCRR 86-1.17)". That petitioner was well aware of this administrative remedy is evident from its prompt use of the procedure to appeal two aspects of the length-of-stay penalty. Inexplicably, petitioner did not then raise its objection to the basic method of calculation of the penalty, which it now seeks to litigate in a court of law.

Petitioner points to its appeal to Blue Cross nearly two years after the rates were certified and approved. Assuming this appeal was timely and fell within the limited scope of the review provision in the contract between Blue Cross and petitioner, it remains undisputed that petitioner made no attempt to raise its objection in an appeal to the Commissioner, pursuant to 10

NYCRR 86-1.17, before commencing the first proceeding. Petitioner suggests that since its challenge presents purely a question of law, the proceeding should be considered a declaratory judgment action, but the failure to exhaust administrative remedies would still operate as a bar to judicial review (*Sunrest Nursing Home v Whalen*, 99 AD2d 206, 209). Petitioner also asserts that an appeal to the Commissioner would have been futile, but we find no merit in this claim (*see, Matter of Koupash v Bahou*, 85 AD2d 795, *appeal dismissed* 55 NY2d 1036). It is clear, therefore, from the foregoing analysis that dismissal of the first proceeding is required due to petitioner's failure to pursue an available administrative remedy (*see, Matter of Seagirt Health Related Facility v Axelrod*, 87 AD2d 922).

Turning to the second proceeding, we are reluctant to apply the doctrine of res judicata even though dismissal of the first proceeding was on the merits and the second proceeding seeks the same relief as the first (*see, Matter of Meegan S. v Donald T.*, 64 NY2d 751). Nevertheless, we conclude that dismissal of the second proceeding is appropriate. That petitioner appealed to the Commissioner and had his appeal dismissed as untimely does not alter the conclusion that petitioner failed to exhaust an administrative remedy (*Matter of Flemming v Cagliostro*, 53 AD2d 187, 189, *lv denied* 40 NY2d 806). Construing the second petition liberally as a challenge to the rationality of the Commissioner's determination to dismiss the appeal as untimely, we find nothing irrational, arbitrary or capricious in the determination. Where, as here, a hospital bases its objection upon an alleged error in the rate computation process, the regulations contain a time limitation within which appeals must be presented (*cf. Matter of St. Joseph's Hosp. v Axelrod*, 95 AD2d 951, 952-953), and petitioner's appeal to the Commissioner on October 7, 1983, nearly three years after the initial rate was certified and approved, was not within the prescribed period.

Throughout its brief, petitioner asserts that it was justified in failing to challenge the basic methodology of calculation of the length-of-stay penalty in a prompt appeal to the Commissioner since the relevant provisions governing the appeal procedure are "abstruse" and since the rates were subject to revision. The argument has little force in view of petitioner's failure to make any attempt to object to the basic methodology of calculation of the length-of-stay penalty, a methodology that was not subject to revision, until its appeal to Blue Cross nearly two years after the initial rates became effective, particularly since petitioner promptly availed itself of the appeal procedure to object to two aspects of the length-of-stay penalty. Moreover, after Blue Cross

denied the appeal, petitioner waited nearly a year before finally seeking review by the Commissioner. Petitioner has offered no excuse for its failure to raise its objection to the basic methodology of calculation of the length-of-stay penalty when it first appealed portions of the penalty. Nor has petitioner presented any useful purpose that would be served by fragmenting the appeal process. Indeed, the piecemeal appeal procedure, with its attendant delays, advanced by petitioner runs afoul of sound public policy considerations which come into play where, as here, the action sought to be reviewed is that of a regulatory governmental agency (*see, Solnick v Whalen,* 49 NY2d 224, 232). Accordingly, petitioner's second proceeding was also properly dismissed.

Judgments and order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.