OPINION OF THE COURT
William N. Ellison, J.
The above matter was originally commenced as a combination contractual action against Blue Cross, a CPLR article 78 proceeding against respondent Axelrod and a declaratory judgment action against respondent Lewis. The action alleged that the hospital’s 1975 reimbursement rates paid by Blue Cross to the petitioner were either inadequate or incorrectly calculated. By decision of the Appellate Division, Third Department, it was ordered that the action be treated as a special proceeding (Arnot-Ogden Mem. Hosp. v Blue Cross, 92 AD2d 629).
Originally the complaint contained 16 causes of action. *307 Petitioner has withdrawn the first eight and the fourteenth cause of action, leaving the ninth through thirteenth, and the fifteenth and sixteenth causes of action. The fifteenth cause of action is a demand that respondent Axelrod consent to the relief in the five causes of action against Blue Cross. The sixteenth cause of action is a similar claim against respondent Lewis.
Blue Cross provides coverage for hospital services rendered to its insureds. The form of the contract and the premiums charged by Blue Cross require approval of the Superintendent of Insurance. Blue Cross also enters into contracts with subscribing hospitals whereby Blue Cross agrees to compensate the hospital directly for services provided to its insureds. The compensation provided, which the hospital accepts as payment in full, is calculated in accordance with the applicable hospital reimbursement formula. Prior to January 1, 1970, the reimbursement formula was a contractual matter negotiated between Blue Cross and the particular hospital. Thereafter, with enactment of the Cost Control Law (L 1969, ch 957), reimbursement has been regulated (Public Health Law § 2807). Under the Public Health Law the Commissioner of Health is required to determine and certify that the proposed reimbursement rate schedules are "reasonably related to the costs of efficient production” of the services for which reimbursement is sought. To this end, the Commissioner promulgated rules and regulations which detail the procedure for setting the reimbursement rates (10 NYCRR part 86). Blue Cross must submit its proposed reimbursement formula to the Commissioner, who decides if the formula is reasonably related to the cost of efficient production of services. If the formula is so certified, Blue Cross applies the formula to the relevant data for each hospital and then those rates are submitted for certification by the Commissioner, and if so certified, they are submitted to the Superintendent of Insurance for approval. Blue Cross then notifies each hospital of its approved rate. The rules and regulations provide for appeals by hospitals which wish to challenge their rates (10 NYCRR 86-1.17) (see, Arnot-Ogden Mem. Hosp. v Blue Cross, 92 AD2d 629, 630, supra). Petitioner is now challenging the denial of its appeal to review its 1975 reimbursement rate.
Petitioner claims that there were inequities in the formula establishing its rates. As noted, the statute requires that the rates be "reasonably related to the efficient production of *308 medical care and service” (Public Health Law § 2807). The issues now before the court relate to the following questions:
(1) Whether the 1975 rates properly reimburse petitioner for increases in the cost of the premiums it paid Blue Cross for providing medical insurance for petitioner’s employees (ninth cause of action).
(2) Whether the 1975 rates properly reimburse petitioner for increases in its energy costs caused by the worldwide energy crisis (tenth cause of action).
(3) Whether the 1975 rates properly reimburse petitioner for increases in the volume of cases handled by its newly organized cardiac surgery and laboratory program (eleventh cause of action).
(4) Whether the 1975 rates properly reimburse petitioner for increases in the volume of patients in its recently organized neonatal intensive care unit (twelfth cause of action).
(5) Whether the 1975 rates properly reimburse petitioner for increases in the volume of patients in its recently organized in-patient dialysis service (thirteenth cause of action).
In general, the formula which set the 1975 rate and is included in the contract provided that the costs incurred by the individual hospital in 1973 would be trended forward by an inflationary factor. This is a prospective reimbursement system designed to encourage hospitals to control costs by determining in advance the reimbursement rates for a given year. If the hospital’s costs are greater than those projected, it must make up the difference; if a hospital’s costs are less, the hospital keeps the excess. Under the regulations, no retroactive adjustments are permitted (10 NYCRR 86-1.16). Respondent’s principal defense to petitioner’s claims is that petitioner is not entitled to retroactive adjustments in its rates, but is limited to prospective appeals.
The contract of January 3, 1973 between petitioner and Blue Cross contained the following language: "2. * * * In the event the Hospital Reimbursement Formula is found to be inequitable, Blue Cross and the Hospital shall cooperate in modifying and amending it so as to correct any inequities. Any such modification or amendment shall be subject to the certification of the Commissioner of Health and the approval of the Superintendent of Insurance.” It is upon this provision that petitioner bases its claim for retroactive relief from what it alleges are inequitable rates.
In paragraph 3, the contract goes on to specify how and *309 when rates for new or increased services are to be adjusted. That paragraph states:
"3. (b) The Hospital may apply to Blue Cross for prospective revision of its existing certified and approved rate, or for the inclusion of factors in the computation of a future certified and approved rate, on the basis of a change in or an expansion or improvement of service or on the basis of circumstances not within the control of individual hospitals. Any such application must be accompanied by financial, statistical and program evidence in the form prescribed by Blue Cross sufficient to demonstrate a justified change in economic status resulting from either (i) a change in or an expansion or improvement of service which will produce improved quality of care, anticipated improved efficiency or projected long term savings or (ii) circumstances not within the control of individual hospitals and that any such changes, expansion, improvement or circumstances have not already been taken into consideration in the determination of the trend factor applicable to the Hospital. The Hospital shall advise Blue Cross of any such change, expansion or improvement at the time they are contemplated. No application for revision in rate or for the inclusion of factors in the computation of a future rate, based on the change in or expansion or improvement of service need be approved of by Blue Cross until all necessary approvals from governmental agencies have been obtained * * *
"(d) Any certified and approved revised rate, or factors to be included in a future rate, shall be effective as of the first day of the month following receipt by Blue Cross of an application therefor which contains sufficient information so as to permit Blue Cross to render a decision thereon or as of the first day of the month following the change in economic status, whichever is later” (emphasis added).
From the above-quoted provisions, it is clear that the contract contains specific provisions relating to the addition of new or expanded services. The burden is placed upon the hospital to apply for the change on a prospective basis, and the change will go into effect on the first day of the month following the date of application. By failing to apply for a prospective rate for its new or expanded services, plaintiff has not followed the procedures set forth under the contract. The fact that the rate had not been finally certified is not determinative in the instances where new services are added or expanded (par 3 [b]). It is also noted that petitioner appealed its 1975 rates to Blue Cross as early as January 24, 1975, as *310 evidenced by a letter from its director of finance to Blue Cross, which appealed petitioner’s grouping. Even if petitioner was correct that an adjustment could only take place through a later appeal, the issue would have had to have been raised at the first opportunity, along with the other items which were in fact appealed (Matter of Saint Mary’s Hosp. v Axelrod, 108 AD2d 1068). Failure to do so bars later attempting to raise the issue. Petitioner here did not seek reimbursement for the new or increased services until its appeal to the Commissioner of Health in 1977. Petitioner’s failure to seek prospective revisions in the rates to include new or increased services bars retroactive adjustment. Accordingly, the Commissioner of Health’s denial of petitioner’s appeal concerning its eleventh, twelfth and thirteenth causes of action cannot be said to be arbitrary and capricious.
Petitioner’s remaining causes of action, numbers 9 and 10, relate to increases in its Blue Cross premiums and in its energy costs, which, petitioner alleges, are not within its control and that, therefore, the lower rates established were inequitable in that they do not reflect the actual costs necessarily paid by petitioner. As noted, the current rate setting scheme is prospective in nature, and is based ón the use of trend factors which are applied to each hospital’s past costs. As explained in great detail in the affidavits of Herbert Radeker, Mark Van Guysling and Michael Gort, the system is not designed to predict with absolute certainty and accuracy a particular hospital’s actual cost for a particular item. Some of the cost increases will be higher than average, some will be lower. The use of the system itself has been upheld by the Court of Appeals as not being either arbitrary or capricious (Matter of Jewish Mem. Hosp. v Whalen, 47 NY2d 331, 341)
This court finds that the Commissioner of Health’s denial of petitioner’s appeal was not arbitrary or capricious but rather was founded on a rational basis. The petition is therefore dismissed.