# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1302**
**CA 11-01204**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF PRESBYTERIAN HOME FOR
CENTRAL NEW YORK, INC., PETITIONER-APPELLANT,

V

MEMORANDUM AND ORDER

COMMISSIONER OF HEALTH OF THE STATE OF NEW
YORK AND DIRECTOR OF BUDGET OF THE STATE OF
NEW YORK, RESPONDENTS-RESPONDENTS.

---

RUFFO, TABORA, MAINELLO & MCKAY, P.C., ALBANY (JOHN F. DARLING OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered October 25, 2010 in a proceeding pursuant to CPLR article 78. The judgment, among other things, denied petitioner's motion for partial summary judgment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner owns and operates a nursing home in Oneida County that receives reimbursement of its capital and operating costs from the State of New York through the Medicaid program. We note at the outset that petitioner purported to commence a declaratory judgment action when in fact the relief it sought was the adjustment of its Medicaid reimbursement rates from the State of New York. Moreover, petitioner does not challenge the constitutionality of any statutes or regulations, and we thus conclude that the parties and Supreme Court have acted properly in ultimately treating this as a CPLR article 78 proceeding (*see generally Matter of Custom Topsoil, Inc. v City of Buffalo*, 63 AD3d 1511).

Petitioner alleged in its fifth cause of action that respondents did not fully reimburse petitioner for the conversion of 80 health-related facility (HRF) beds to skilled nursing facility (SNF) status in 1990 when the distinction between HRF and SNF beds was eliminated pursuant to the Omnibus Budget Reconciliation Act of 1987 ([OBRA] Pub L 100-203, 101 US Stat 1330; *see generally Matter of Grand Manor Nursing Home Health Related Facility, Inc. v Novello*, 39 AD3d 1062, 1063, *lv denied* 9 NY3d 812). As a result of OBRA, the New York State Department of Health (DOH) changed its regulations with respect to

Medicaid reimbursement rates.  One of the newly adopted regulations included subdivision (s) of 10 NYCRR 86-2.10, which provides that each facility's new reimbursement rate would be calculated based on a weighted average of its SNF to HRF beds.  That regulation also included subdivision (t), which allows for an adjustment of a facility's base year costs if its proportion of SNF to HRF beds changed since the beginning of the base year, i.e., January 1, 1983.

In moving for partial summary judgment, petitioner contended that it was entitled to a bed conversion adjustment pursuant to 10 NYCRR 86-2.10 (t) for 40 SNF beds that had been added in July 1983.  According to petitioner, in adjusting its base year costs due to the 40 SNF beds in question, respondents gave petitioner credit for having added only 21 SNF beds, 19 short of what petitioner claimed should have been added.  As the court determined, however, that contention was not raised in petitioner's administrative appeals.  We thus conclude that the court properly denied the motion and granted in part the cross motion on the ground that petitioner failed to exhaust its administrative remedies with respect to the bed conversion adjustment issue raised in the motion (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57; *Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375-376; *Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834).  Without a final administrative decision on an issue, in which the agency develops the factual record, judicial review is not available (*see Matter of Saint Mary's Hosp. of Troy*, 108 AD2d 1068, 1069).  Indeed, " '[i]t is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law' " (*Watergate II Apts.*, 46 NY2d at 57).

In its initial administrative appeal, petitioner in relevant part raised only the issue of the "transition of 80 o[f] our existing beds from HRF to SNF [beds] in the early 1990s."  No mention was made of the 40 SNF beds added in July 1983, nor was there a reference to 10 NYCRR 86-2.10 (t).  Nor did petitioner raise that particular issue in its second-stage administrative appeal.  The issue whether respondents properly adjusted petitioner's rates based on the mandatory conversion of beds pursuant 10 NYCRR 86-2.10 (s) is separate and distinct from the issue whether respondents properly adjusted petitioner's rates pursuant to 10 NYCRR 86-2.10 (t) based on the SNF beds added after January 1, 1983.  We thus conclude that petitioner's "failure to obtain prompt administrative review on the basis of the objection which it now seeks to assert . . . precludes petitioner from seeking judicial review" (*Saint Mary's Hosp. of Troy*, 108 AD2d at 1069).  Moreover, the court had "no discretionary power to reach" the unexhausted issue (*Nelson*, 188 AD2d at 1071), and it is therefore irrelevant that respondents did not raise the defense of exhaustion of administrative remedies in their answer.  In any event, we note that the amended "complaint" did not allege that petitioner was improperly reimbursed for the 40 SNF beds added in July 1983; that issue was raised for the first time in petitioner's motion for partial summary judgment, and thus there was no basis for respondents to have raised the failure to exhaust administrative remedies as a defense with

respect to that issue (*see generally Held v Kaufman*, 91 NY2d 425, 430).

Because the court properly denied the motion based on petitioner's failure to exhaust its administrative remedies, we do not address the merits of petitioner's underlying contention.

Entered:  December 30, 2011                          Frances E. Cafarell
                                                     Clerk of the Court