■ In the Matter of TIBBETS HEALTH CARE FACILITY et al., Appellants, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered February 20, 1981 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Department of Health reducing petitioners' Medicaid reimbursement rates because of their failure to timely file 1978 cost reports. Department of Health (DOH) regulations require residential health care facilities such as petitioners to submit cost reports within 120 days after the close of the reporting year (10 NYCRR 86-2.2 [b]). Cost reports for the calendar year 1978 were due April 30, 1979. Although they were granted an extension to file to May 25, 1979, petitioner Tibbets Health Care Facility did not submit its reports until September 28, 1979 and petitioner Woodland Nursing Home Corporation filed its reports two months later. DOH notified petitioners on April 15, 1980 that they were being penalized as provided for by regulation (10 NYCRR 86-2.2 [c]). DOH computed the penalty by multiplying petitioners' 1979 rates, during their respective periods of nonsubmission (four and six months), by 2% and then collected that amount during 1980. When DOH denied petitioners' appeal, this CPLR article 78 proceeding was commenced. Petitioners contend that the penalty could not be collected after their reports were submitted. In their view, recoupment can only occur during the very period in which the required reports are overdue. They base this argument on the wording of the regulation which provides, in

pertinent part: "[T]he State Commissioner of Health shall reduce the current rate by two percent for a period beginning on the first day of the calendar month following the original due date of the required reports and continuing until the last day of the calendar month in which said reports are filed" (10 NYCRR 86-2.2 [c]). Respondents contend that this regulation does not limit the time in which the penalty may be recovered but merely provides the method for calculating it, thereby ensuring that the penalty reflects the reimbursement rates in effect during the delay. Inasmuch as DOH's construction of the regulation is neither irrational nor unreasonable, and as it is the agency charged with administering these regulations, we defer to its interpretation (*Matter of John P. v Whalen,* 54 NY2d 89, 95; *Matter of Albano v Kirby,* 36 NY2d 526, 532). Nor is there merit in petitioners' argument that subdivision 6 of section 2803 of the Public Health Law bars DOH from collecting penalties here. That statute concerns only penalties for violations of regulations "pertaining to patient care" (Public Health Law, § 2803, subd 6). Since the regulation at issue concerns the filing of financial and statistical reports and has no relation to patient care, this statute has no application. The notice and hearing requirements and the release and compromise provisions contained in subdivision 7 of section 2803 of the Public Health Law are likewise inapplicable for they only bear upon penalties gathered under subdivision 6 of section 2803. As for the claim that by reducing petitioners' reimbursement rates, respondents have violated the statutory requirement that Medicaid repayments be on a cost-related basis, we note that nothing in the record indicates that the 2% penalty caused petitioners' reimbursement to fall below the reasonable cost standard mandated by Federal statute (US Code, tit 42, § 1396a, subd [a], par [13], cl [E]). Moreover, that statute subjects the methodology employed by respondents to approval by the Secretary of the United States Department of Health and Human Services. His approval (a fact not denied by petitioners) is a further indication that the 2% penalty does not violate the statutory standard. Judgment affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.