■ In the Matter of HAROLD GOLDSMITH, as Receiver and Part Owner of LAKESIDE NURSING HOME, INC., Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered September 24, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, annul a determination of the State Department of Health reducing petitioner's Medicaid reimbursement rate by 2% for failure to timely file cost reports for 1978 and 1979. Petitioner is the receiver, part owner and administrator of Lakeside Nursing Home, Inc., a residential health care facility licensed under article 28 of the Public Health Law. Lakeside is a participant in the Medicaid program (US Code, tit 42, § 1396 et seq.), through which it is reimbursed for care of its patients in accordance with regulations set forth in 10 NYCRR 86-2. Pursuant to these regulations, Medicaid reimbursement rates for a given period are calculated based on financial cost reports of the facility from a prior designated year by adding a trend factor to allow for inflation. These cost reports must be filed within 120 days after the close of the calendar year unless an extension is granted. If the reports are not timely filed, a 2% rate reduction is imposed for the period the reports are overdue. For 1978 and 1979, petitioner failed to file timely reports and a 2% reduction in the reimbursement rate for each of these years was prescribed; the penalty approximates $200,000. Administrative appeals to the Department of Health of both reductions were denied. Petitioner's counsel's request for a hearing as to the 1978 reduction was denied because it was not made on department forms. This CPLR article 78 proceeding was then commenced challenging the authority of the department to impose a "penalty" of more than $1,000 and demanding a hearing prior to the imposition of any such "penalty". Following Special Term's decision, a judgment dismissing the petition was entered September 24, 1982. On reargument, however, the posture of this appeal changed significantly, for while Special Term reaffirmed its earlier decision that the department could levy the 2% reduction, it now found petitioner was entitled to a hearing. By order dated June 21, 1983, the matter was remanded to respondent Commissioner of Health "for a full-scale administrative hearing in conformity with the State Administrative Procedure Act". That hearing is yet to be concluded. Since a hearing is pending, we take no position with regard to whether the department has authority to reduce petitioner's reimbursement rate for failure to timely file cost reports in the magnitude it has, either prior to a hearing or pursuant to its general power to regulate under article 28 of the Public Health Law. We do note that not only will disputed factual issues inherent in implementing any rate reduction, such as the precise rate periods which are subject to

reduction, be resolved at the hearing, but also that the hearing officer may possibly find merit in the excuses petitioner offers to justify the delay in filing the cost reports and credit circumstances petitioner claims mitigate in favor of rescinding the reduction, thus rendering petitioner's other arguments on this appeal moot. Appeal dismissed, as premature, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Weiss, JJ., concur.