■ In the Matter of THOMAS M. FAHEY, Appellant, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered August 5, 1987 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies and as barred by the Statute of Limitations.

Petitioner, operator of Castle Rest Nursing Home in Onondaga County, a participant in the Medicaid program, admittedly filed late annual fiscal reports with respondent for the seven fiscal years from 1976 through 1982 (see, Public Health Law § 2805-e; 10 NYCRR 86-2.2 [b]). Pursuant to 10 NYCRR 86-2.2 (c) (eff Sept. 30, 1976), respondent levied a 2% penalty upon petitioner's current reimbursements totaling $231,562.41 and deducted that amount from prospective Medicaid payments. Petitioner brought no administrative review proceed-

ing until October 24, 1985, when he timely challenged penalties imposed for the 1981* and 1982 fiscal years. In December 1986, petitioner sought refunds of all penalties imposed, including those which were the subject of the October 1985 administrative appeal. Respondent denied the latter proceeding as untimely, whereupon petitioner commenced this CPLR article 78 proceeding to annul the imposition of all penalties and to direct repayment of the full amount withheld.

Prior to service of an answer, respondent moved to dismiss the petition on objections in point of law of failure to timely commence the underlying administrative proceeding and to exhaust administrative remedies. Applying the 120-day Statute of Limitations imposed by 10 NYCRR 86-2.13 and 86-2.14 (b), Supreme Court determined that the administrative appeal of penalties imposed for fiscal years 1976 through 1981 was untimely. It also determined that the administrative appeal of the 1981 and 1982 penalties was still pending and petitioner had not, accordingly, exhausted his administrative remedies *(see,* CPLR 7801 [1]). Supreme Court dismissed the petition and this appeal ensued.

We affirm. The proceedings to recover the penalties for 1976 through the initial penalty for 1981 were time barred. 10 NYCRR 86-2.14 (b) required that administrative review be sought within four months following receipt by petitioner of respondent's rate computation sheet *(see also,* 10 NYCRR 86-2.13). The contention that petitioner did not have an administrative remedy is unavailing as this court has considered administrative appeals from penalties imposed pursuant to 10 NYCRR 86-2.2 (c) on at least two prior occasions *(see, Matter of Goldsmith v Axelrod,* 99 AD2d 569; *Matter of Tibbets Health Care Facility v Axelrod,* 88 AD2d 1051). The assertion that the applicable Statute of Limitations is the six years provided for in CPLR 213 (1) is also rejected. Whether denominated a CPLR article 78 proceeding or an action for a declaratory judgment, the four-month Statute of Limitations will apply in a proceeding to review Medicaid reimbursement rates *(see, Solnick v Whalen,* 49 NY2d 224, 232-233). Last, we also agree with Supreme Court's conclusion that the challenge to the 1981 and 1982 penalties is barred by petitioner's failure to exhaust his administrative remedies *(see, Matter of Goldsmith*

---

* Two separate penalties were imposed for fiscal year 1981. The initial penalty resulted from petitioner's filing of a defective report. A proper report was thereafter filed, but it was submitted late, generating a second penalty. The October 1985 review proceeding involved the latter of these penalties only.

*v Axelrod, supra; Matter of Seagirt Health Related Facility v Axelrod,* 87 AD2d 922).

Judgment affirmed, without costs. Casey, J. P., Yesawich, Jr., Levine and Mercure, JJ., concur.