OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment reversing the determination of the respondent with reference to petitioner’s 1981 Medicaid reimbursement rate or, alternatively, directing that a hearing be held to *147 establish if the October 1972 purchase price for the nursing home in question was bona fide fair and reasonable and should be used to determine the capital cost component of petitioner’s rate for 1981.
Petitioner is the owner and operator of the Castle Rest Nursing Home. The home was acquired in 1966 by the "McKinney” partnership for $860,000. Petitioner Fahey was a member of the partnership with three other individuals. The partnership was formed in order to purchase and rehabilitate the Syracuse General Hospital for use as a nursing home. In 1972, petitioner purchased the facility from his former partners after a dispute and secured complete ownership of the facility at a purchase price of $2,263,163. Thereafter, petitioner was licensed to operate the nursing home and approved as a Medicaid provider on an individual basis.
According to the allegations of the petition, petitioner from 1975 on has been involved in a continuous dispute with the State Department of Health (hereinafter referred to as DOH) over the capital cost element of the nursing home’s Medicaid reimbursement. The petitioner contends that under Public Health Law § 2808 (2-a) (c) and the applicable regulations (10 NYCRR 86-2.21), the nursing home, having been granted an operating certificate prior to March 10, 1975, was entitled to reimbursement of its capital costs on a cost valuation basis, i.e., the 1972 price of acquisition of the facility by the petitioner ($2,263,163). The petitioner contends however that DOH has erroneously determined that the capital costs of the nursing home are to be reimbursed on the basis of the partnership’s acquisition costs in 1967 ($860,000).
This court cannot agree with the contentions of the petitioner. The governing statute for determining capital cost component of nursing homes operating before 1975 is Public Health Law § 2808 (2-a) (c). The implementing regulations are 10 NYCRR 86-2.21. The basic statutory scheme as implemented by the said regulations is for the capital costs component to be based upon the historical, original costs of acquisition and not upon subsequent, spiraling resale prices. The intent of the statute, as embodied in the Report of the More-land Act Commission on Nursing Homes and Residential Facilities, was to curb the rapid sales or trafficking of nursing homes at a sales price to the new owners which greatly exceeds construction costs, so long as they have been assured of sufficient future property cost reimbursement to make the purchase at that price worthwhile. The Moreland Commission *148 Report went on to say that the resulting increases in reimbursement rates are, in effect, payments of "costs” which do nothing to increase the quality or quantity of care available at the facility. Inasmuch as DOH’s interpretation herein of the regulations of the capital cost component is neither irrational nor immeasurable, and as it is the agency charged with administering these regulations, this court defers to its interpretation (see, Matter of Tibbets Health Care Facility v Axelrod, 88 AD2d 1051, 1052).
In view of the foregoing, the petition is in all respects denied.